## O'NEIL *v.* DICKSON.

The statement by a notary, in the certificate of the protest of a promissory note for non-payment, that he gave written notice of protest to the indorser, is equivalent to saying that he placed a written notice in the indorser's hands.

APPEAL from the *Fayette* Circuit Court.

DAVISON, J.—*Dickson* brought this action against *O'Neil*, as indorser of a promissory note.   The note was executed by *Richard Walker*, at the city of *Cincinnati, Ohio;* was payable to the defendant at the banking house of *S. S. Rowe & Co.* in that city; and was, by the payee, indorsed to the plaintiff.

The complaint sets forth a statute of *Ohio*, which makes promissory notes negotiable, and gives the indorsee a right of action against the indorser, upon demand of payment at maturity, and reasonable notice of dishonor.   It is averred that when the note became due, it was presented at the banking house of *S. S. Rowe & Co.* for payment, which was refused, and that the same was thereupon protested for non-payment, and notice thereof given to the defendant. The protest, a copy of which is filed with the complaint, contains the following:   "Be it known that, on *Thursday,* the 7th of *September,* 1854, I, *John Avery,* notary public, &c., at the request of, &c., the holders of the original note hereto attached, about the close of bank hours, presented the same for payment to the teller of the bank of *S. S. Rowe & Co.*, at the counter thereof, and received for answer—'No funds to pay it;' wherefore I then protested

Nov. Term,
1858.

The defendant demurred to the complaint, but his demurrer was overruled; and thereupon he answered by a general traverse. The Court tried the cause, and found for the plaintiff; and, having refused a new trial, rendered judgment, &c.

The record contains the evidence. It consists of the note and its indorsement, the protest for non-payment, and the law of *Ohio* set out in the complaint.

The appellant contends that the evidence is insufficient to sustain the finding of the Court. This is the only point made in his brief.

It is conceded that the protest was correctly in evidence. Indeed, it was admitted without objection. But it is insisted that, upon its face, there is no sufficient proof that the indorser had due notice of the dishonor of the note. The notary uses this language: "Wherefore I then protested the same for non-payment, and gave written notice of the same to the indorser." This, it is said, does not show the mode or manner in which the notice was given. We think differently. To say, "I gave written notice to the indorser," was, in effect, saying, "I placed a written notice in the indorser's hands."

The evidence, in our opinion, sufficiently proves that the requisite steps to fix the indorser were duly taken.

*Per Curiam.*—The judgment is affirmed, with 10 per cent. damages and costs.

*B. F. Claypool,* for the appellant.

*N. Trusler* and *G. Trusler,* for the appellee.